FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

SEP 19 PM 4:53

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| **Julian M. Reyes,** | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. **A 17 CV 908 RP** |
| | § | |
| **officer BERRY, JUSTIN,** | § | |
| **individually and in his official** | § | |
| **capacity** | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |
| | § | |
| | § | |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Julian M. Reyes ["Mr. Reyes"], complaining of Defendant, Officer Justin

Berry, hereby files Plaintiff's Original Complaint and Jury Demand and respectfully

shows the following:

## COMPLAINT

This civil action arises from the unjustified profiling, beating and arrest of

Plaintiff Julian M. Reyes with his trauma support animal, a peaceful Australian

Bearded Dragon. Mr. Reyes seeks monetary and injunctive relief from violations of rights under the First, Fourth, and Fourteenth Amendments, and Texas state tort law.

I.                                   **NATURE OF THE ACTION**

1.  This is a civil rights action for declaratory relief and damages arising under the Constitution and Common Law and under the Laws of the United States. Mr. Reyes was exercising his 1st amendment Rights as a Citizen and member of the Free Press and using his cell phone and cameras to document Public interactions at a Rally against Police Brutality, Racism,and Bigotry. Most specifically documentation of the interactions of law enforcement employees immediately prior to the attack on Mr. Reyes. Mr. Reyes believes he was profiled and targeted for attack and subsequent false arrest. In an effort to prevent legal documentation of the interactions and possible arrests or retaliation for Police accountability efforts of Mr. Reyes.

II.                                 **DEMAND FOR JURY TRIAL**

2.  Plaintiff demands a trial by jury.

III.                                    **PARTIES**

3.  Mr. Reyes is a descendent of Mexican and Indigenous Peoples, of brown skin, and an adult male Citizen living in the Austin area for about a decade now.

4. Defendant Officer Berry, Badge # 6134, is an apparently Caucasian male individual Citizen and adult living in Texas and at all relevant times was employed as a police officer in the City of Austin, Texas and acting under color of law. He is sued in his official and personal capacities. He can be served at 09 West 11th St, Austin Texas 78701.

5. PLAINTIFF, Julian M. Reyes, 1712 E. Riverside Dr. #357 Austin, Travis County, Texas 78741

6. DEFENDANT, In his official and personal capacities:Officer Justin Berry Badge # 6134, 509 West 11th St, Austin Texas 78701.

**IV.**                               **JURISDICITON AND VENUE**

7. This Court has subject-matter jurisdiction to hear Mr. Reyes' federal-law
   claims under 28 U.S.C. §§ 1331 and 1343(a).

8. This case is brought and filed under U.S.C. §§1983 and 1988. And this
   Court has jurisdiction to hear the merits of Plaintiff's claims under 28
   U.S.C. §§1331 and 1343(a) (3) and (4). This Court also has jurisdiction
   under 28 U.S.C. §§2201 and 2202 to declare the rights of the parties and
   to grant all further relief found necessary and proper.

9. This Court also has personal jurisdiction over the defendant, who resides
   (or at the relevant times resided) in the State of Texas, Western District.
   As well as under 28 U.S.C. §1391(b).

10. Venue is also proper under 28 U.S.C. §1391(b) because all of the events or
    omissions giving rise to the claims occurred in the Western District of
    Texas.

11. In addition, the defendants' acts, errors and omissions giving rise to Mr.
    Reyes' injuries occurred within the State of Texas, in this District, near
    the State Capitol.

V.                                    **FACTS**

                              <u>Mr. Reyes & Lizlee</u>

12.    Mr. Reyes purchased Lizlee, his trauma support animal, from

Zookeeper, a local specialist in herptetoculture and breeding of Australian

Bearded Dragons, not long after his companion animal, Shiner Bock was shot

and killed by an officer of Austin's Police in April of 2014. Mr. Reyes cared for

Lizlee from that time on past the incident in this complaint.

13.    Having spent significant time at Mr. Reyes' side, Lizlee was important

to Mr. Reyes' trauma support and ease of mind. Lizlee had no history of

aggression or violence towards people or other animals.

14.    Mr. Reyes, had his trauma support animal clearly visible for inspection

on his shoulder the majority of the time he was recording Police and Citizen

interactions. And the  response to protest by agents of "the state."

15.    Mr. Reyes had no history of being dangerous to police officers. No

resisting arrest charges, no attacking a peace officer charges, and still does

not.

16.     Mr. Reyes was credentialed Press, already with the Challenger Street Newspaper, and was documenting a scheduled Rally at the State Capitol.

17.     Mr. Reyes is a published local Austin Photojournalist. He often works with many outlets for disseminating stories and newsreel.

18.     Mr. Reyes is employed as a part-time gardener in Austin. Mr. Reyes also is and has been a member for several years of Austin's Free Press, The Challenger Street Newspaper, a 501c3 non-profit news outlet in Austin, Texas. Since 2014 he has been filming to create accountability and awareness of Police v Citizen interactions, as a member of the Press.

<u>The Events of September 19th , 2017</u>

19.     The incident occurred on or about September 19th, 2015 on Congress Avenue just across the street and South of the State Capitol grounds

20.     Mr. Reyes decided to go to the Rally Against Police Brutality, Abuse, Racism and Bigotry he saw on Facebook previously which was scheduled at the Texas State Capitol on the day of September 19th, 2017. The event was organized by other groups.

21.     On that date Mr. Reyes attended the event and covered the interactions of police and Citizens for news, public awareness and legal documentation reasons as well.

22.     On that date around mid-day Austin Police Officer Berry did attack Mr. Reyes from behind, causing him to go to the ground forcibly, and did attempt serious bodily injuries upon Mr. Reyes including using a blunt weapon against his ribs, on his left side. Mr. Reyes had his trauma support animal on his person still.

23.     After Mr. Reyes and Lizlee were attacked by the Defendant Berry, he was falsely charged and arrested.

24.     Mr. Reyes was denied his Rights to Film, to Attend a Protest, to be Free Press, and to be free from violence and violations of his Fourth and Fourteenth Amendment protected Rights, under color of law.

25.     Mr. Reyes was severely impacted emotionally, monetarily and physically from this baton attack and false arrest by Officer Justin Berry

26.     Mr. Reyes was booked into Travis County Jail and various charges were filed. Some were dropped, unfiled. One was filed - Obstruction of a Highway.

27.     All charges were dropped by the prosecution.

28. A new charge was filed in Justice of the Peace Pct 4, Travis County, Texas, for Failure to Obey. This case is pending dismissal due to potential violations of prosecution and the right of Mr. Reyes and all Citizens to a Speedy Trial. Millie Thompson is acting as defense attorney on that case.

VI. **ACTION AGAINST THE DEFENDANT UNDER 42 U.S.C. 1983 FOR VIOLATIONS OF THE FIRST, FOURTH AND FOURTEENTH AMENDMENTS**

*Officer Berry*

29.     Mr. Reyes adopts by reference the facts and allegations set forth in all paragraphs above.

30.     Observing public police activities, is a legitimate means of gathering information and news for public dissemination and is expressive conduct protected by the First Amendment to the US Constitution.

31.     Mr. Reyes was credentialed Press, and filming in a Public space blocked off from personal vehicle traffic by police and DPS for the purpose of this assembly.

32.     Mr. Reyes was subjected to First Amendment retaliations, false arrest, and to excessive force during that arrest in violation of the rights guaranteed to him under several laws including the Fourth and Fourteenth Amendments to the US Constitution and by 42 U.S.C. §1983 and 1988.

33.     Mr. Reyes pursues this action pursuant to 42 U.S.C. §1983, which provides a means of redress of grievance and remedy for every person within the jurisdiction of the United States. For deprivation of constitutional rights, under color of law,

34.     Defendant Berry was acting under color of law and as an individual and is liable under 42 U.S.C. §1983.

35.     Defendant Berry did falsely arrest and imprison Mr. Reyes at the Rally.

36.     Defendant Berry did interfere with Mr. Reyes' legal rights to assemble at the Rally.

37.     Defendant Berry did violate Mr. Reyes' rights to Film and act as Free Press.

38.     Both the above Rights are listed in the First Amendment of the Constitution of the United States, causing harm to the fabric of our Civic Duty and Rights.

39.     In fact, all the original charges form September 19th, 2017 against Mr. Reyes were either dropped or unfiled.

40.     Defendant Berry did attack with force, and use a blunt weapon against Mr. Reyes' ribs. Both causing serious physical injury as well as injuring Mr. Reyes' right to be left alone or treated fairly, and within the least amount of force necessary to investigate misdemeanor non-violent civil criminal codes.

41.     This caused Mr. Reyes injuries to his Fourth Amendment Right to be free from undo scrutiny and excessive force by the Government's agents, the police. And to be free in his effects and persons without witness, warrant and due process of law.

42.    Mr. Reyes alleges that the Defendant Berry is liable for the actions he committed during this incident as he interfered with Mr. Reyes' first amendment right to film police and law enforcement, wrongful arrest, as well as use of excessive force during this arrest.

43.    Even though there were many witnesses and camera footage of the incident and Mr. Reyes' brutal arrest. Defendant Berry was not charged or held accountable by his supervisors. Office of the Police Monitor or Internal Affairs for the use of excessive force and Constitutional violations in error.

VII.                    <u>Causes of Action</u>

44.     Mr. Reyes adopts by reference the facts and allegations set forth in all paragraphs above.

45.     Even though there were many witnesses and camera footage of the incident and Mr. Reyes' brutal arrest. Defendant Berry was not charged or held accountable by his supervisors. Office of the Police Monitor or Internal Affairs for the use of excessive force and Constitutional violations in error.

46.     Mr. Reyes is seeking full damages for all loss including the emotional loss of his Constitutional violations, his pain and suffering at the hands of Defendant Berry, and the false arrest and retaliatory charges.

47.     Mr. Reyes has a constitutional right to film police.

48.     Defendant Berry is an officer that is aware of or should be aware of the constitutional right to film police.

49.     Officer Defendant Berry violated this right as set forth in the above facts including but not limited to beating a filter in the ribs, dog-piling, confiscating camera and press pass.

50.     Defendant Berry aggressively assaulted Mr . Reyes and then wrongfully arrested him while Mr. Reyes was filming the incident and repeating the word "filming..."

51.     As well as other causes pending discovery, legal research and legal advise.

**VIII.**                                          **Relief**

52.    Mr. Reyes is also seeking injunctive relief and mediation on

transparency, changes in policy and procedure, changes in training, and

increased accountability for future dealings with Citizens and Press that film

police and Citizen interactions and public assemblies.

53.    Mr. Reyes is seeking additional information from discovery of evidence

that would relate to this case and all applicable defendants, only discoverable

through the Court processes of discovery.

54.    Mr. Reyes is pro se, and requests leniency and mercy from the Court in

matters of process, as to the scope of this case and to discovery of evidence

which is needed to delineate the responsibilities in this case and incident.


                                                  Respectfully Submitted,


                                          By: _____
                                                  Signature

                                                  Julian M. Reyes

                                                  1712 E. Riverside Dr. #357

                                                  Austin, Texas 78741

                                                  (512) 785-1749

                                                  julian.reyes.human@gmail.com