IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JULIAN M. REYES, | § | |
| Plaintiff, | § § § | |
| v. | § § | 1:17-CV-908-RP |
| JULIAN BERRY, STEPHEN DEATON, and JASON DUSTERHOFF, *individually and in their official capacities*, | § § § § § | |
| Defendants. | § § | |

## **ORDER**

Before the Court are Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). (Dkts. 13, 16). Defendants are Austin Police Department officers. (*See* Am. Compl., Dkt. 12, at 3–4). Plaintiff Julian Reyes ("Reyes") filed his original complaint on September 19, 2017, naming only Julian Berry ("Berry") as a defendant. (Compl., Dkt. 1). Because Reyes was granted leave to proceed *in forma pauperis*, (Dkt. 4), the United States Marshals attempted service[1] at the address Reyes provided for Berry: 509 West 11th Street, Austin, Texas 78701—the Travis County courthouse. (Dkt. 5). That summons was returned on October 16, 2017, with the signature "Corris Vilaire, agent." (Dkt. 6). Reyes then took no action in this case for six months.

On April 5, 2018, the Court ordered Reyes to move for entry of default or have his claims dismissed for want of prosecution. (Dkt. 7). Two weeks later, Reyes asked for a 60-day extension to comply; the Court gave Reyes until May 20, 2018. (Dkt. 10). Reyes then filed an amended complaint on May 16, 2018, (Dkt. 12), which he hand-delivered to the City of Austin Law Department, (1st Mot. Dismiss, Dkt. 13, at 2). Berry then learned of this action, the original complaint filed eight months earlier, and the attempted service at the Travis County courthouse. (*Id.*). Berry filed a motion

---

[1] *See* 28 U.S.C. § 1915(d).

1

to dismiss this action for improper service the next day. (*Id.*). The amended complaint also names two additional defendants, Stephen Deaton ("Deaton") and Jason Dusterhoff ("Dusterhoff"). (Am. Compl., Dkt. 12). Deaton and Dusterhoff moved to dismiss the claims against them for improper service on May 30, 2018. (2d Mot. Dismiss, Dkt. 16).

Although the Court's local rules require parties to respond to dispositive motions within fourteen days, W.D. Loc. R. CV-7(e)(2), Reyes did not timely respond to either motion. On June 19, 2018, he asked for a hearing. (Dkt. 17). On August 10, 2018, having still not responded to Defendants' motions, Reyes asked for a 90-day extension to respond to both. (Dkt. 20). The Court gave Reyes additional time in light of his *pro se* status and his resource limitations; the Court ordered him to file a response to both motions no later than September 14, 2018. (Dkt. 21). Reyes did so. (Dkt. 23, at 5–6). Defendants' motions are ripe. Having considered the parties' arguments, the facts, and the relevant law, the Court agrees that Reyes's claims should be dismissed.

A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process. *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012). The serving party has the burden of demonstrating the validity of the service. *Id.* (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). If the serving party fails to meet his burden, the district court may quash the service and dismiss without prejudice all claims against the improperly served defendant. *See Gartin v. Par Pharm. Companies, Inc.*, 289 F. App'x 688, 691 (5th Cir. 2008).

When a court dismisses a complaint after the statute of limitations has expired, the dismissal operates as a dismissal with prejudice. *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993). The limitations period for claims brought under 42 U.S.C. § 1983 in Texas is two years. *Price v. City of San Antonio, Tex.*, 431 F.3d 890, 892 (5th Cir. 2005). A section 1983 claim accrues when the plaintiff is or should be aware of both his injury and its connection with the defendants' alleged conduct. *Longoria v. City of Bay City*, 779 F.2d 1136, 1138 (5th Cir. 1986). Reyes alleges that Defendants wrongly

arrested him and used excessive force against him on September 19, 2015. (Am. Compl., Dkt. 12, at 7–8). Reyes's section 1983 claims accrued on that date, and the limitations period for those claims expired on September 19, 2017—the date he filed his original complaint. A dismissal for improper service in this case would therefore operate as a dismissal with prejudice.

A district court's discretion to dismiss claims with prejudice for failure to timely effectuate proper service is limited. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008). In such circumstances, dismissal with prejudice is warranted "only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Id.* (cleaned up). The Fifth Circuit has generally affirmed dismissals with prejudice when it has found at least one of three aggravating factors: "(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (cleaned up). In order to dismiss Reyes's claims for improper service, the Court must find not only that Reyes failed to timely effectuate proper service, but also that the circumstances of this case warrant dismissal with prejudice. The Court makes both findings.

Reyes did not timely effectuate proper service. Service of process in federal court is governed by Federal Rule of Civil Procedure 4. Because Defendants are all individuals within a judicial district of the United States, service of process upon them is governed by Rule 4(e). Fed. R. Civ. P. 4(e). Rule 4(e) allows service upon a defendant by: (1) serving the defendant pursuant to state law; (2) personal service upon the defendant; (3) leaving copies of the summons and the complaint at the defendant's residence with a person of suitable age and discretion; or (4) delivering a copy of the service documents to the defendant's agent who is authorized to accept service by appointment or by law. *Id.* Texas law allows service by certified mail if certain conditions are met: it must include a return receipt requested, and when the return is filed, the return for service by certified mail must

3

include the return receipt with the addressee's signature. Tex. R. Civ. P. 106(a)(2); Tex. R. Civ. P. 107(c).

Reyes did not comply with these requirements. He attempted to serve Berry with his original complaint by certified mail but did not file a return with Berry's signature. He attempted to serve all three defendants with his amended complaint by hand-delivering it to the City of Austin Law Department, but the department is not an agent for service, and Reyes did not serve a summons with the amended complaint. (2d Mot. Dismiss, Dkt. 16, at 2); *see also* Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint."). Reyes has not validly served any defendant.

More than 90 days have elapsed since Reyes filed both his original and amended complaints. Fed. R. Civ. P. 4(m). Accordingly, Rule 4(m) requires this Court to dismiss the action without prejudice or order service within a specified time. *Id.* If Reyes shows good cause for failing to timely serve Defendants, the Court must extend the time for service by an appropriate period. *Id.* Proof of good cause requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). Reyes states that he provided the United States Marshals with the best information he could and that City of Austin employees would not accept in-person delivery of service for Defendants. (Mot. Reconsider, Dkt. 23, at 5–6). He has not shown good cause; he has shown only mistakes. *See Thrasher*, 709 F.3d at 512 ("A litigant's *pro se* status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure.").

The Court declines to order service within a specified time because Reyes has shown a clear record of delay that justifies dismissal with prejudice. After service of Reyes's original complaint was delivered to the Travis County Courthouse and returned with a signature not belonging to Berry,

Reyes took no action to correct service or otherwise prosecute his action for six months. When the Court ordered Reyes to take action, he asked for a 60-day extension. (Dkt. 9). When Defendants filed motions alerting Reyes to the defects in his attempts to serve them with process, he did not respond to those motions for three months. Rather than respond on August 16, 2018, Reyes asked for another 90-day extension. (Dkt. 20). Largely because of Reyes's six-month period of inaction following his first defective attempt at service and his three-month period of inaction following Defendants' motions to dismiss, Reyes has allowed over a year to pass since filing his original complaint without timely effectuating service. Present in this case are the "significant periods of total inactivity" that warrant dismissal with prejudice. *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988); *see also Thrasher*, 709 F.3d at 513 (affirming dismissal with prejudice where *pro se* plaintiff did not perfect service for ten months). Moreover, this case includes the aggravating factor that the delay has been caused by Reyes himself rather than an attorney representing him. *See Millan*, 546 F.3d at 326; *Thrasher*, 709 F.3d at 514. Dismissal with prejudice is justified by this clear record of delay.

For these reasons, **IT IS ORDERED** that Defendants' motions to dismiss, (Dkts. 13, 16), are **GRANTED**. Reyes's claims against Defendants are **DISMISSED** under Rule 4(m). Because the limitations period for Reyes's claims have expired, his claims are dismissed with prejudice. The Clerk of the Court shall **CLOSE** this case.

**SIGNED** on October 15, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE